IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MEMORYWEB, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | **W-21-CV-00411-ADA** |
| -vs- | § | |
| | § | |
| **SAMSUNG ELECTRONICS CO., LTD.,** | § | |
| **SAMSUNG ELECTRONICS AMERICA, INC.,** | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc.'s ("SEA") (collectively, "Defendants" or "Samsung") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). ECF No. 42. Plaintiff MemoryWeb, LLC, ("Plaintiff" or "MemoryWeb") filed its Response (ECF No. 51), and Samsung its Reply (ECF No. 54). Defendant and Plaintiff each filed Notices of Supplemental Facts as well. ECF Nos. 50, 57. After careful consideration of the Motion, the parties' briefs, and the applicable law, the Court **GRANTS** Samsung's Motion.

### I. BACKGROUND

Plaintiff filed this case on April 26, 2021. ECF No. 1. Plaintiff amended its complaint on November 24, 2021. ECF No. 36. MemoryWeb alleges that Samsung directly and indirectly infringed three related patents: U.S. Patent Nos. 10,423,658 (the "'658 patent"), 10,621,228 (the "'228 patent"), and 11,163,823 (the "'823 patent") (collectively, the "Asserted Patents"). *Id.* Plaintiff alleges that Samsung infringes the Asserted Patents through Samsung smartphones and tablets that include "a photo application called Samsung Gallery for organizing and displaying digital files such as photos and videos according to methods claimed in the Asserted Patents." ECF No. 36 ¶¶ 46, 54.

1

SEA is a corporation organized under the laws of New York with its principal place of business in New Jersey. ECF No. 42 at 3. SEA has over 500 regular full-time employees in California, including over 200 regular full-time employees at established offices in the NDCA. *Id.* SEC is a corporation founded under the laws of Korea with its principal place of business in Korea. *Id.* MemoryWeb is an Illinois corporation with its principal place of business in Glen Ellyn, Illinois. ECF No. 36 ¶ 2.

On January 28, 2022, Samsung filed its Motion to Transfer Venue to the NDCA under 28 U.S.C. § 1404(a), citing, among other facts, those above. ECF No. 42.

## II. LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the [transfer] destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). If the destination had been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2)

the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. Courts evaluate these factors based on the situation that existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). The weight given to each assorted convenience factor will necessarily vary from case to case. *See Burbank Int'l, Ltd. v. Gulf Consol. Int'l, Inc.*, 441 F. Supp. 819, 821 (N.D. Tex. 1977). A court should not deny transfer where "only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *In re Radmax*, 720 F.3d 285, 290 (5th Cir. 2013).

The burden to prove that a case should be transferred for convenience falls on the moving party. *Volkswagen II*, 545 F.3d at 314. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to demonstrate that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 315. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere

3

preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

## III. ANALYSIS

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the Northern District of California ("NDCA"). Samsung asserts that this case could have been brought in the NDCA because SEA has established offices in the NDCA. ECF No. 42 at 6. In addition, SEC is a foreign corporation, and venue is proper over SEC in any district, including the NDCA. *Id.* at 6–7; 28 U.S.C. § 1391(c)(3). MemoryWeb does not dispute either point. *See generally* ECF No. 51. This Court finds that had MemoryWeb originally filed its case in the NDCA, venue would have been proper. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if the NDCA is clearly more convenient than the Western District of Texas ("WDTX").

### A. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

In considering the relative ease of access to proof, a court looks to where documents and physical evidence relating to the claims are located. *Volkswagen II*, 545 F.3d at 316. "[T]he question is relative ease of access, not absolute ease of access." *In re Radmax*, 720 F.3d at 288. However, this factor "requires an actual showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist in the prospective forum." *Def. Distributed v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022).

The Fifth Circuit has held that, even in the context of electronic documents that can be accessed anywhere, this factor is not superfluous. *See Volkswagen II*, 545 F.3d at 316; *see also In*

4

*re Dish Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *6 (Fed. Cir. Oct. 21, 2021). Though having persistently characterized that holding as antiquated in the setting of a modern patent dispute, this Court will continue to analyze this factor with a focus on the location of physical documents, as well as the "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval." *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *7 (Fed. Cir. Nov. 15, 2021).

Both parties concede the evidence maintained by the parties renders this factor neutral. *See* ECF No. 42 at 9; ECF No. 51 at 11. But the parties disagree about the relevance of the multiple prior art systems owned by third-party companies in the NDCA. *Id.*

Samsung argues that multiple prior art systems owned by companies located in the NDCA shift this factor in favor of transfer. ECF No. 42 at 9. Each of these companies has documents and source code in its possession. *Id.* For example, Samsung Research America, Inc. ("SRA") is a company that assisted SEC in developing certain features of the accused Gallery App. ECF No. 50 at 1. Those SRA employees were part of the User Experience California ("UXCA") team. *Id.* The UXCA team was initially in San Jose, California and then moved to its current location in Mountain View, California. *Id.* Samsung names four individuals that were part of the UXCA team. *Id.* All individuals are still employed in the NDCA, even if they are no longer with SRA. *See id.* Samsung alleges that this factor weighs in favor of transfer because of these third-party companies. *See* ECF No. 42 at 10 (collecting cases).

MemoryWeb argues that this factor should be neutral. ECF No. 51 at 11. MemoryWeb alleges that Samsung does not cite any evidence that "the documents and source code of these third-parties [are] in the NDCA." *Id.* Specifically, per MemoryWeb, the mere fact that entities have a place of business in the NDCA does not *ipso facto* mean relevant documentary or

physical evidence from many years ago exists in the transferee forum. *Id.* (citing *Monterey Rsch., LLC v. Broadcom Corp.*, W-21-cv-00542, 2022 WL 526424, at *3 (W.D. Tex. Feb. 21, 2022)). MemoryWeb further claims Samsung falls short of affirmatively representing that SRA possesses relevant documents. ECF No. 51 at 11 ("**To the extent** SRA possesses relevant documents . . ." (alteration in original) (quoting ECF No. 50 at 1)). Last, MemoryWeb contends that Samsung fails to prove SRA possesses any relevant physical evidence that is not duplicative of SEC's evidence in Korea. *Id.* (citing *Traxcell Techs., LLC v. Verizon Wireless Personal Communications, LP, et al.*, 6:20-cv-01175, slip op. at *5 (W.D. Tex. Feb. 1, 2022)). These cases are immaterial as both discuss evidence from the parties themselves—not third-parties. *See Monterey Rsch.*, 2022 WL 526424, at *3; *see also Traxcell Techs.*, 6:20-cv-01175, at *5.

Sufficient third-party evidence, including documents and source code, is located in the NDCA. *See* ECF No. 42 at 4–5. This Court has previously recognized that the location of third-parties "necessarily implicate[s] the ease of conducting merits-related discovery in a location which is near the relevant witnesses and documents." *Monolithic Power Sys. Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, 2021 WL 5316454, at *6 (W.D. Tex. Nov. 5, 2021) (quoting *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994)), *vacated*, 2022 WL 958384 (W.D. Tex. Mar. 25, 2022). The same applies here. Thus, the Court finds this factor slightly favors transfer.

2. Availability of Compulsory Process to Secure Attendance of Witnesses

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015

WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on third-party witnesses whose attendance "may need to be secured by a court order." *Volkswagen II*, 545 F.3d at 316. This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

Samsung contends that multiple third-parties, including Google, SmugMug, Meta, and Apple, reside within the subpoena power of the NDCA and either developed or now own important prior art systems, such as Picasa, Panoramio, Flickr, Instagram, iPhoto '09, and Aperture 3. ECF No. 42 at 4–5. MemoryWeb responds that these third-party witnesses were cherry-picked and counters with "equally relevant" witnesses that reside within the subpoena power of the WDTX. ECF No. 51 at 9–10. Many of the referenced witnesses, by both parties, were elected via LinkedIn searches. *But see In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *7 (Fed. Cir. Sept. 27, 2021) (stating that a single "LinkedIn" page was dubious to support witness relevance). Next, MemoryWeb argues that the listed witnesses include apex witnesses that are very unlikely to testify at trial. *Id.* at 9. Finally, Plaintiff argues that Samsung never performed sufficient investigation into the alleged witnesses to determine that they actually had relevant information. *Id.* at 10. Samsung responds by noting that they are not required to communicate with potential witnesses before determining that they possess potentially relevant information and reaffirm that the listed witnesses are relevant to the issues presented by this case. ECF No. 57 at 3.

In general, MemoryWeb makes a valid complaint: Defendant cherry-picks witnesses without a reasoned explanation as to why it chose particular individuals outside of their convenient residence in the preferred forum. ECF No. 51 at 10. However, it is readily apparent

that both parties are guilty of the same flawed process. Neither party is necessarily at fault for attempting to provide particularity in their alleged contentions. It is understandably difficult to ascertain which individuals within a non-party company may have relevant knowledge. However, when the speculation starts and ends with analysis in a single preferred forum, the Court is inclined to view the proposed names under an aura of venue gamesmanship. Plucking self-serving names from geographically restricted LinkedIn searches rarely suffices to prove arguments for or against transfer. Moreover, when a defendant suggests an individual in the transferee forum only to be countered by the name of an individual holding a similar job title for the same company in the transferor forum, the Court is often left with insubstantial evidence to differentiate between the two. Here, many of the provided names are neutralized by competing proposals from each side.[1]

Likewise, the Court is not persuaded that all of the noted systems are relevant to the present case. As the Federal Circuit has said, "a district court should assess the relevance and materiality of the information the witness may provide" but the Court does not require that the movant show that the witness has more than "relevant and material information." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Beyond simply stating the prior art systems predated the Asserted Patents, Samsung fails to demonstrate how most of the systems are relevant to the Asserted Patents. *See* ECF No. 42 at 4. Conversely, the Court is persuaded that Aperture 3 may be relevant to the case as it is currently being used as "the primary reference in the two Apple petitions for *inter partes* review challenging the patentability of all claims of the '658 and '228 patents." *Id.* at 4–5. As such, named witnesses that have knowledge of Aperture 3 merit weight, while those tied to the other systems are given little to no weight.

---

[1] It is worth noting that slight differences exist in the job titles within each party's proposed witness lists. But, because this Court is unable to ascertain the exact roles of the non-party witnesses by marginally different titles alone, these individuals are neutral in the analysis.

For the Aperture system, Defendants propose two witnesses that reside in the NDCA. First, Samsung identifies Della Huff, a Senior Product Marketing Manager at Apple, as a relevant witness due to her "knowledge of the public availability of iPhoto and Aperture prior to the filing dates of the Asserted Patents." *Id.* at 5. Second, Samsung identifies Matthew Birdsell, a Content Manager at Apple. *Id.* Per Samsung, he "has knowledge of the functionality and public availability of Aperture prior to the filing dates of the Asserted Patents." *Id.* The Court finds that each of the proposed witnesses likely has knowledge relevant to the Aperture system worthy of weight in the transfer analysis. *See In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *3 (Fed. Cir. Jan. 19, 2022) (finding that identifying "individuals who were knowledgeable about prior art pertaining to invalidity issues" was sufficient evidence to show relevance).

Last, even if the Court ignores all LinkedIn witnesses cited by the parties, as MemoryWeb suggests, Samsung identified several specific companies located in the NDCA. *See* ECF No. 42 at 5; ECF No. 50 at 1. Accordingly, even if Defendant is unable to identify any specific employees of the third-party entities, it is error to discount the companies entirely. The Federal Circuit made note of this very point in *In re Apple, Inc.*, stating:

> The district court erroneously discounted those third parties when it faulted Apple for not identifying any specific employees of those entities. In *In re HP Inc.*, 826 F. App'x 899 (Fed. Cir. 2020), we said that there was "no basis to discount" third-party entities that the district court itself had recognized as having pertinent information in the transferee venue "just because individual employees were not identified." . . . The fact that the plaintiff here elected to file its suit outside of the venue where the third parties are located does not negate the benefit of transferring to a forum that has the ability to compel their testimony. Because there are potential third-party witnesses subject to the subpoena powers of the Northern District of California but not the Western District of Texas, we conclude that the compulsory process factor weighs strongly in favor of transfer.

No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021) (citations omitted). Similarly, this factor weighs strongly in favor of transfer.

### 3. Cost of Attendance and Convenience of Witness

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech*, 566 F.3d at 1342. When analyzing this factor, the Court should consider all potential material and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203). The Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter where they testify. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google*, 2021 WL 4427899, at *4. In essence, the Federal Circuit has found that time away from an individual's home is a more important metric than distance. *Id.*

Both parties agree that there are no relevant willing witnesses in the WDTX. ECF No. 42 at 7–8; ECF No. 51 at 5–8. Samsung contends that there are multiple relevant witnesses within the subpoena power of the NDCA and states that "if these third-party prior art witnesses are willing to attend trial absent a subpoena" they would need to travel to Waco instead of remaining in the NDCA. ECF No. 42 at 7. Samsung offers no support for the proposition that the third-party witnesses may be willing. *See id.* Third-party witnesses are presumed to be unwilling and

will not be considered under this factor. *E.g.*, *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018) ("[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor.") As such, neither party identifies a single willing witness with particularity that resides within the NDCA or the WDTX. *See* ECF Nos. 42, 51, 57.

SEC identifies potentially relevant willing witnesses in Korea. ECF No. 42 at 7–8. MemoryWeb argues that the difference in convenience between Waco and the NDCA is insignificant when compared to the relative distance and time it takes to travel from Korea to the United States. ECF No. 51 at 5–6. This Court agrees. As this Court has previously stated, "when the witness must travel a significant distance no matter where they testify, the difference between traveling to California and Texas is slight at best." *Kajeet, Inc. v. Trend Micro, Inc.*, No. 6:21-CV-389-ADA, 2022 WL 126490, at *4 (W.D. Tex. Jan. 12, 2022). Further, this Court has previously found that a South Korean witness would only be slightly more inconvenienced by traveling to Waco instead of San Diego. *InfoGation Corp. v. Google LLC*, No. 6:20-CV-00366-ADA, 2021 WL 5547070, at *3 (W.D. Tex. Apr. 29, 2021) ("[The witness] will need to travel by air, secure lodging, and be away from his home in order to be present at trial in either location"). Balancing the Fifth Circuit's 100-mile rule with the Federal Circuit's emphasis on time over distance, the Court finds that these witnesses only slightly weigh in favor of transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb*

*Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

Samsung argues that the co-pending litigation involving the '658 and '228 in the NDCA creates "serious issues for judicial economy and the possibility of inconsistent results or claim construction." ECF No. 42 at 11. Defendants also contend that the legal issues presented in the *Apple* litigation and this case overlap significantly. *Id.* at 11. MemoryWeb claims that because the *Apple* case is stayed, it negates any potential judicial-economy benefits of transferring to the NDCA. ECF No. 51 at 12. Plaintiff also argues that because the accused products are different, the cases will require "significantly different discovery, evidence, proceedings, and trial," limiting any increase in judicial efficiency resulting from transfer. *Id.* at 13 (quoting *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021)).

The stayed case between MemoryWeb and Apple involving the '658 and '228 patents in the NDCA does not pose practical problems. Generally, this Court agrees with Samsung's proposition—parallel litigation of the same patents risks a waste of judicial resources and inconsistent rulings on the Asserted Patents. *See On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *7 (E.D. Tex. Sept. 30, 2010). However, this Court agrees with MemoryWeb: while the *Apple* case involves the same Asserted Patents, the *Apple* litigation does not involve the Accused Products or same defendant, thereby limiting any potential increase in judicial efficiency as a result of transfer. ECF No. 51 at 13; *see In re NetScout Sys., Inc.*, 6:20-cv-00914, 2021 WL 4771756, at *5 (Fed. Cir. 2021) (rejecting "as a general proposition that the mere co-pendency of infringement suits in a particular district

12

automatically tips the balance" towards that district). Further, this Court agrees that any potential increase in judicial efficiency would be limited because the *Apple* litigation is currently stayed. ECF No. 54 at 1; *Uniloc USA, Inc. v. Huawei Device USA, Inc.*, 2:17-cv-00736, 2018 WL 7138384, at *5 (E.D. Tex. Sept 6, 2018) (finding that a related stayed case in the transferee district did not increase judicial efficiency). On balance, the Court finds that this factor is neutral.

### B. Public Interest Factors

#### 1. Court Congestion

This factor considers the "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech*, 566 F.3d at 1347. Additionally, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

MemoryWeb argues that this Court's average time to trial is about a year faster than that of the NDCA. *See* ECF No. 51 at 14. The Federal Circuit has repeatedly stressed the importance of efficient, speedy litigation. *See, e.g.*, *Ethicon Endo-Surgery, Inc. v. Covidien LP*, 826 F.3d 1366, 1367 (Fed. Cir. 2016) (acknowledging Congress's intent in the "quick" resolution of patent disputes). Samsung argues that the Federal Circuit has stated that this factor should be based on the ability to effectuate a speedy trial as a result of a less crowded docket, rather than simply setting an aggressive trial schedule. ECF No. 42 at 12. However, this Court has shown that the WDTX has faster time-to-trial statistics. *See Kajeet*, 2022 WL 126490, at *7 (collecting cases). Further, the WDTX has a less congested docket. *See* ECF No. 51-21; ECF No. 51-22. Thus, this factor weighs against transfer but is given due weight as the most speculative factor.

2. Local Interest, Familiarity of the Forum with the Law-at-Issue, and Conflict of Laws

Both parties agree that these factors are neutral. ECF No. 42 at 12–13; ECF No. 51 at 15. The Court agrees.

C. **Weighing the Factors**

Having considered the private and public interest factors, the Court's conclusions for each factor are summarized in the following table:

| Factor | The Court's Finding |
| --- | --- |
| Relative ease of access to sources of proof | Slightly favors transfer |
| Availability of compulsory process to secure the attendance of witnesses | Strongly favors transfer |
| Cost of attendance for willing witnesses | Slightly favors transfer |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Neutral |
| Administrative difficulties flowing from court congestion | Weighs against transfer |
| Local interest | Neutral |
| Familiarity of the forum with law that will govern case | Neutral |
| Problems associated with conflict of law | Neutral |

MemoryWeb complains that "[i]f Samsung is allowed to transfer this case to its desired forum by carefully curating a list of alleged witnesses potentially associated with untested prior art theories and the desire forum, then it stands to reason that every defendant will be able to manipulate venue in its favor." ECF No. 51 at 15. While MemoryWeb characterizes this as an "untenable result," *id.*, each motion for transfer is analyzed on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org.*, 487 U.S. at 29 (quoting *Van*

*Dusen,* 376 U.S. at 622). And, analysis of a transfer motion requires more than a mere tally of the factors. *See In re Radmax*, 720 F.3d at 290 n.8 ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting "score," is the proper methodology."). Here, several factors are neutral, three weigh in favor of transfer, and one against. The only factor that disfavors transfer is the "most speculative," *see In re Genentech*, 566 F.3d at 1347, while the "center of gravity of this action is clearly in the transferee district, not in the Western District of Texas." *In re Apple*, 2021 WL 5291804, at *5. Admittedly, neither party has strong connections, if any, to either the transferor or transferee forums. However, the NDCA has the "authority to compel [the third-party] witnesses to appear for both deposition and trial . . . [while the WDTX] would lack authority to compel testimony from any of the identified witnesses." *In re Apple*, 581 F. App'x at 889. Of the two competing forums, only one maintains any connection to the facts of this case. Samsung discharged its burden of showing that the NDCA is clearly more convenient than the WDTX and that transfer is therefore warranted.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) is hereby **GRANTED**. ECF No. 42. The Clerk of the Court shall transfer this case to the United States District Court for the Northern District of California for all further proceedings. After transfer, the clerk shall close the case.

SIGNED this 17th day of June, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE